U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 MAR 13 PM 1: 37

CLERK

BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JUAN RODRIGUEZ, )
)
    Plaintiff, )
)
v. ) Case No. 2:17-cv-133
)
RICK GOSSELIN, )
)
    Defendant. )

**ENTRY ORDER GRANTING PLAINTIFF LEAVE TO AMEND HIS INITIAL COMPLAINT, DENYING AS MOOT DEFENDANT'S INITIAL MOTION TO DISMISS, AND GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**
(Docs. 14, 20)

Plaintiff Juan Rodriguez, who is self-represented, brings this civil action against Defendant Rick Gosselin alleging Defendant Gosselin violated his civil rights in violation of 42 U.S.C. § 1983 (Doc. 5). The case was removed to this court from state court in July 2017. Defendant moved to dismiss the Complaint on July 28, 2017 (Doc. 14). After opposing the motion, and successfully seeking an opportunity to file a sur-reply, Plaintiff filed an Amended Complaint in November 2017 (Doc. 19). Defendant again moved to dismiss (Doc. 20). Following the filing of Plaintiff's opposition and Defendant's reply,[1] Defendant's second motion to dismiss is ripe for adjudication.

**I.    The Allegations of the Amended Complaint.**

The facts of both the original Complaint and the Amended Complaint are substantially the same. Plaintiff alleges he attended a custody hearing in state family court on March 24, 2017. After the hearing, Plaintiff conversed with his attorney in

---

[1] Without seeking leave of court, Plaintiff also filed a sur-reply, which is not automatically allowed by the court's local rules. *See* D. Vt. L.R. 7(a). In light of Plaintiff's self-represented status, the court grants leave to file it and has considered it.

Spanish. Defendant, an Orleans County sheriff, said: "Speak English, this is America[,]" and made a derogatory comment about Mexicans. (Doc. 5 at 1; Doc. 19 at 2.) Plaintiff responded: "I am not Mexican. I am Puerto Rican." *Id.*

Plaintiff alleges Defendant violated his constitutional rights to association, counsel, access to the courts, and free speech. In his original Complaint, Plaintiff sought compensatory damages of $1, nominal damages of $50,000, and punitive damages of $50,000. In his Amended Complaint, he now seeks nominal damages of $1, compensatory damages of $500,000, and punitive damages of $500,000.

## II.   Conclusions of Law and Analysis.

A document filed by a self-represented litigant must be liberally construed. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). Plaintiff requests the court allow him to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2), which requires the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Because Defendant has responded to the Amended Complaint with a motion to dismiss that is fully briefed, the court allows the amendment and considers the Amended Complaint the operative Complaint. *Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) ("'It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect[.]'") (quoting *In re Crysen /Montenay Energy Co.*, 26 F.3d 160, 162 (2d Cir. 2000)). Accordingly, Plaintiff's request to amend his initial Complaint is GRANTED, and Defendant's initial motion to dismiss Plaintiff's original Complaint is DENIED AS MOOT. (Doc. 14.)

Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, arguing he is an improper defendant and Plaintiff's allegations are insufficient to state a plausible claim under 42 U.S.C. § 1983. Plaintiff responds that Defendant is a proper defendant because he is suing him in his individual and official capacities and asks that dismissal be denied.

2

In adjudicating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "accept as true all of the allegations contained in a complaint" and determine whether the complaint states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While "lenity . . . must attend the review of *pro se* pleadings[,]" *pro se* litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal* and Federal Rule of Civil Procedure 12(b)(6). *Harris v. Mills*, 572 F.3d 66, 68 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected[] . . . [any] person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[] . . . or other proper proceeding for redress[.]

42 U.S.C. § 1983. The statute is "not itself a source of substantive rights" but rather provides "a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To prevail on a claim under § 1983, a plaintiff "must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Assuming without deciding that Defendant is a proper defendant, Plaintiff's Amended Complaint nonetheless must be dismissed. Plaintiff alleges Defendant abridged his rights to both "expressive" and "intimate" freedom of association under the First Amendment. Plaintiff's right to intimate association, however, is not implicated in this case. While "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such

relationships in safeguarding the individual freedom that is central to our constitutional scheme[,]" the "personal affiliations" warranting protection are "those that attend the creation and sustenance of a family[.]" *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-19 (1984). Because Plaintiff's relationship with his attorney does not rise to the level of a protected personal affiliation and he does not allege Defendant intruded on his family relationships, he fails to state a claim for violation of his right to intimate association.

Freedom of association includes the "right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion." *Id.* at 618. Individuals have a "right to join together to advocate opinions free from government interference." *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 701 (2000). The First Amendment's expressive associational right protects groups that "engage[] in 'expressive association[,]'" and "is not reserved for advocacy groups[, b]ut to come within its ambit, a group must engage in some form of expression[.]" *Id.* at 648. Plaintiff must demonstrate the expressive association was pursued for "political or other goals independently protected by the [F]irst [A]mendment." *Brady v. Town of Colchester*, 863 F.2d 205, 217 (2d Cir. 1988). Generally, individuals do not enter a professional relationship with an attorney "to convey any social or political message." *Young v. N.Y.C. Transit. Auth.*, 903 F.2d 146, 153 (2d Cir. 1990). Because Plaintiff has failed to allege his association with his attorney was pursued for political or other reasons protected by the First Amendment, he fails to state a claim for violation of his right to expressive association.

Plaintiff also alleges Defendant violated his constitutional right to counsel. Plaintiff, however, concedes he had no constitutional right to court-appointed counsel at the state family court proceeding. He further alleges that Defendant's statement occurred after the state court hearing had concluded and in no way interfered with his right to participate in that proceeding. Against this backdrop, Plaintiff's argument that his allegation "that Gosselin violated his right to counsel states a 'cognizable' . . . claim of 'interference with his associational rights'" remains a bare legal conclusion. (Doc. 21 at 3.)

4

Plaintiff next contends that Defendant violated his constitutional right-of-access to the court system. Courts have recognized two variants of right-of-access claims: (1) "forward-looking," alleging "systemic official action" frustrated the ability to file a suit and seeking removal of the frustrating condition; and (2) "backward-looking," alleging a suit can no longer be tried no matter what official action may be taken in the future. *Sousa v. Marquez*, 702 F.3d 124, 127-28 (2d Cir. 2012) (internal quotation marks omitted). A backward-looking claim may be stated if, for example, "official action caused the loss or inadequate settlement of a meritorious case." *Id.* at 128 (internal quotation marks and citation omitted).

Assuming a backward-looking claim is available,[2] Plaintiff fails to allege either type of a right-of-access claim because "the right is ancillary to the underlying claim[.]" *Id.* at 128 (internal quotation marks and citation omitted). To state an access to court claim, Plaintiff must allege Defendant caused him "injury or, put less succinctly, that the defendant took or was responsible for actions that had the actual effect of frustrating the plaintiff's effort to pursue a legal claim." *Oliva v. Town of Greece*, 630 F. App'x 43, 45 (2d Cir. 2015). Here, Plaintiff does not allege he was frustrated in his ability to file a suit or that he lost or inadequately settled a case.[3] Without an underlying claim, "a plaintiff cannot have suffered injury by being shut out of court." *Id.* (internal quotation marks and citation omitted).

Finally, Plaintiff alleges Defendant violated his constitutional right to free speech. The First Amendment, applicable to the states through the Fourteenth Amendment, prohibits laws "abridging the freedom of speech[.]" U.S. CONST. amend. I. The right to free speech extends "to the right to listen and receive information." *Kass v. City of New*

---

[2] The Second Circuit Court of Appeals has not endorsed a backward-looking right-of-access claim and the Supreme Court "'assume[d], without deciding, the correctness of the [courts of appeals] decisions' recognizing" such a claim. *Sousa v. Marquez*, 702 F.3d 124, 128 (2d Cir. 2012) (quoting *Christopher v. Harbury*, 536 U.S. 403, 414 n.9 (2002)).

[3] For this reason, Plaintiff's assertion that his conversation with his attorney "was with respect to the court proceeding" is insufficient. (Doc. 21 at 3.) In the absence of an allegation that his right-of-access was curtailed by some state action, he fails to state a claim for relief under an access to court theory.

*York*, 864 F.3d 200, 207 (2d Cir. 2017). "It is well settled that verbal harassment, inexcusable as it may be, does not rise to the level of a constitutional violation." *Zimmerman v. Seyfert*, 2007 WL 2080517, at *28 (N.D.N.Y. July 19, 2007) (citations omitted); *see also Arce v. Banks*, 913 F. Supp. 307, 309 (S.D.N.Y. 1996) ("[The plaintiff's] allegation that [a state official] 'yelled' at him does not rise to the constitutional level since yelling, cursing, or even race-baiting does not violate any constitutionally protected rights."); *Haussman v. Fergus*, 894 F. Supp. 142, 149 (S.D.N.Y. 1995) ("[T]aunts, insults and racial slurs alleged to have been hurled at plaintiff by defendants, while reprehensible if true, do not comprise an infringement of constitutional guarantees."). Even assuming the alleged comments Defendant made to Plaintiff regarding speaking Spanish and his presumed nationality were verbal harassment and racially offensive, without any injury or damage, the allegation does not state a claim. Plaintiff does not allege that either he or his attorney was prevented by Defendant from communicating in Spanish, only that Defendant inappropriately told them to speak English and made derogatory comments about an ethnicity to which Plaintiff does not belong. These facts are insufficient to state a plausible claim for relief. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding claim prison guard called plaintiff names "did not allege any appreciable injury and was properly dismissed").

Because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, Defendant's motion to dismiss must be GRANTED and the Amended Complaint DISMISSED. *See* Fed. R. Civ. P. 12(b)(6). The Second Circuit has cautioned that a district court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). In this case, it appears that amendment would be futile as better pleading would not cure the deficiencies in the Amended Complaint. The court therefore does not grant leave to amend *sua sponte*. Plaintiff may, however, petition the court for leave to amend should he desire to do so.

## CONCLUSION

The court GRANTS Plaintiff leave to amend his initial Complaint under Federal Rule of Civil Procedure 15(a)(2) and file the Amended Complaint (Doc. 19). In light of the amendment, Defendant's motion to dismiss the original Complaint is DENIED AS MOOT (Doc. 14). For the reasons set forth above, Defendant's motion to dismiss the Amended Complaint is GRANTED (Doc. 20) and Plaintiff's Amended Complaint will be DISMISSED (Doc. 19) if a motion for leave to amend is not filed by March 27, 2018. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of March, 2018.

Christina Reiss, District Judge
United States District Court